# KELLEY DRYE & WARREN LLP
A LIMITED LIABILITY PARTNERSHIP

**200 KIMBALL DRIVE**

**PARSIPPANY, NEW JERSEY 07054**

(973) 503-5900

NEW YORK, NY
LOS ANGELES, CA
WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(973) 503-5943
www.kelleydrye.com

DIRECT LINE: (973) 503-5943
EMAIL: minnes@kelleydrye.com

August 26, 2014

**VIA CM/ECF**

Hon. Esther Salas, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    *WAG Acquisition, L.L.C. v. Sobonito Investments, Ltd., et al.*,
             Civil Action No. 2:14-cv-01661 (ES)(JAD)

Your Honor:

      We represent defendant Coolvision, Ltd. ("Coolvision") in the above referenced action. Please accept this letter brief in lieu of a more formal brief in opposition to plaintiff WAG Acquisition, L.L.C.'s ("WAG") Motion for Issuance of Letter Rogatory (d/e 16).[1] In an attempt to avoid formal motion practice, Coolvision requested that WAG insert the following paragraphs into its moving papers. WAG refused.

      Coolvision opposes the motion as it is concerned about WAG's undue, unexplained delay in just now seeking to properly serve defendant I.M.L. SLU under the letter rogatory process – more than five months after WAG filed this action on March 13, 2014, and without seeking any extensions from the Court based on good cause or otherwise. WAG's delay raises serious timeliness questions relating to service of process that undoubtedly could, or will, be argued by I.M.L. SLU, *see, e.g. Indagro, S.A. v. Nilva*, 07-CV-03742 SDW MCA, 2014 WL 1515587 (D.N.J. Apr. 17, 2014), and which will only delay this case further.

      Coolvision notes that while the Court has scheduled status conferences in other cases brought by WAG, this case lags behind -- to Coolvision's potential, if not actual, prejudice as the Court may decide issues relevant to Coolvision in the context of these other cases without Coolvision having the chance to brief them -- because WAG has not taken

---

[1]    Coolvision preserves all of its rights to seek dismissal of the Complaint against it under FRCP 12, including for lack of personal jurisdiction.

**KELLEY DRYE & WARREN** LLP

Hon. Esther Salas, U.S.D.J.
August 26, 2014
Page Two

appropriate steps to serve the two other named foreign defendants which are located in countries other than Israel where Coolvision is found. As has been noted, a district court is not "left helpless when it wants to move a case along." *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 2011 WL 4102084 (D.Md. 2011) (dismissing case for failure of plaintiff to seek service under Hague Convention rules within 120 days of filing lawsuit), citing *O'Rourke Bros. Inc. v. Nesbitt Burns. Inc.*, 201 F.3d 948, 952 (7th Cir.2000) (affirming dismissal, based on court's inherent authority, for untimely service; recognizing that dismissal may be allowed under certain circumstances pursuant to FRCP 41(b) by court, *sua sponte*, for failure to prosecute).

Accordingly, Coolvision urges the Court to deny WAG's request – if not entirely dismiss the other defendants under FRCP 4 or FRCP 41, or otherwise drop them from this case, *cf.* FRCP 21 ("on motion or on its own, the court may at any time, on just terms, add or drop a party") – and allow the case to proceed against Coolvision alone by docketing WAG's Second Amended Complaint which will allow Coolvision to file its motion to dismiss. To the extent that the Court would prefer a formal opposition brief, then Coolvision is happy to submit the same. For now, however, Coolvision believes that this letter brief is sufficient to preserve its objection to the relief requested.

Respectfully submitted,

Michael A. Innes

MAI/mc

cc:    ALL COUNSEL OF RECORD (via CM/ECF)