<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WAG ACQUISITION, LLC** | |
| **Plaintiffs,** | **Civil Action No. 14-1661 (ES) (JAD)** |
| **v.** | |
| **SOBONITO INVESTMENTS, LTD., COOLVISION LTD., I.M.L. SLU, and DOES 1-20.** | **ORDER** |
| **Defendants.** | |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court upon Plaintiff WAG Acquisition, LLC's ("Plaintiff's) Motion for Authorization of Alternative Service of Process pursuant to Federal Rule of Civil Procedure 4(h)(2) on Defendants Sobonito Investments, LTD. ("Defendant Sobonito") and I.M.L. SLU ("Defendant IML") (the "Motion for Alternative Service"). (ECF No. 58). Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application. After having considered Plaintiff's submission, and for good cause shown; and

**WHEREAS** on February 19, 2015, Plaintiff filed an unopposed Motion for Alternative Service on Defendant Sobonito and Defendant IML. (<u>Id.</u>); and

**WHEREAS** Defendant Sobonito, the first unserved Defendant, is a Cyprus corporation. (ECF No 58-1, at 5). Cyprus is a signatory to the Hague Service Convention; and

1

**WHEREAS** Plaintiff "attempted service on Sobonito pursuant to the Hague Service Convention at the Limosol, Cyprus address listed for Sobonito by the Cyprus Registrar of Companies." (Id.); and

**WHEREAS** Plaintiff asserts that service on Sobonito could not be completed because "Sobonito was not found at the designated address." (Id.); and

**WHEREAS** Defendant Sobonito is also listed in the American Registry for Internet Numbers ("ARIN") at a New York address.  (Id. at 6-7.  Mail sent to this address was apparently returned as "undeliverable and un-forwardable." (Id.); and

**WHEREAS** Defendant IML, the second unserved Defendant, is an Andorra corporation. (Id.).  Andorra is not a signatory to the Hague Service Convention;[1] and

**WHEREAS** on September 10, 2014, the Court issued letters rogatory at Plaintiff's request "seeking service of process in this action to be made in Andorra through diplomatic channels. According to the U.S. State Department, such service may take a year or more and is not assured." (Id.); and

**WHEREAS** Plaintiff seeks leave to serve Defendant Sobonito by electronic mail and Defendant IML by electronic mail and regular mail.  (Id. at 4); and

**WHEREAS** to effectuate service upon a corporation in a foreign country, a plaintiff must comply with Federal Rule of Civil Procedure 4(h), which provides, "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served at a place not within any judicial district of the United States, in any manner prescribed by

---

[1] This Court notes that Andorra became a member of the Hague Conference on June 11, 2015, after Plaintiff's Motion was filed.  See http://www.hcch.net/index_en.php?act=states.listing (last visited August 4, 2015) (listing the members of the Hague Conference).  There is, however, a difference between members of the Hague Conference and parties to a particular Hague Convention. Id.

Rule 4(f) for serving an individual, except personal delivery under f(2)(C)(i)."  Fed. R. Civ. P.

4(h)(2); and

    **WHEREAS** Federal Rule of Civil Procedure 4(f) provides, in pertinent part,

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

    (B) as the foreign authority directs in response to a letter rogatory or letter of request; or . . .

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f); and

    **WHEREAS** the Hague Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.  This Convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361; and

    **WHEREAS** as the United States Supreme Court has explained, the Hague Convention requires that each state "establish a central authority to receive requests for service of documents from other countries.  Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law." <u>Volkswagenwerk Aktiengesellschaft</u>

v. Schlunk, 486 U.S. 694, 698-99 (1988) (internal citations omitted). A member state may also

"consent to methods of service within its boundaries other than a request to its central authority.

(Id.); and

      **WHEREAS** compliance with the Hague Convention "is mandatory in all cases to which

it applies." Id. at 705; and

      **WHEREAS** Plaintiff argues that the Hague Convention does not apply to the service of

Defendant Sobonito "because its address is unknown". (ECF No. 58-1, at 10); and

      **WHEREAS** this Court must then consider the following question: is Defendant Sobonito's

address "known" for purposes of the Hague Convention. Courts have found that,

> [A]n address is 'not known' if a plaintiff exercised reasonable diligence in
> attempting to discover the address and was unsuccessful in doing so. See e.g.
> Opella v. Rullan, Civ. No. 10–21134, 2011 U.S. Dist. LEXIS 69634, 2011 WL
> 2600707 (S.D. Fla June 29, 2011) (noting that "an address is not 'known' within
> Article I of the Convention only when it is unknown to the plaintiff after the
> plaintiff exercised reasonable diligence in attempting to discover that address");
> Compass Bank v. Katz, 287 F.R.D. 392, 394–95 (S.D. Tex. 2012) ("In deciding
> whether defendants' addresses are 'unknown,' courts have repeatedly looked to the
> efforts plaintiffs have put forth in attempting to discover said addresses."); RPost
> Holdings, INc. v. Kagan, Civ. No. 11–238, 2012 WL 194388, at *1, *2 (E.D. Tex.
> Jan. 23, 2012) (determining defendant's address was unknown under the Hague
> Convention after the plaintiff attempted service on the address associated with
> defendant's online business website and requests defendant's address from
> defendant's attorney and been refused); BP Prods. N. Am., Inc., v. Dagra, 232
> F.R.D. 263, 264 (E.D. Va. 2005) (concluding that defendant's address was
> "unknown" after numerous attempts to serve defendant at his last two addresses in
> Pakistan failed, and after plaintiffs hired an investigative firm who spent a month
> searching through various records and other identification databases but were
> unable to determine defendant's whereabouts)).

Indagro, S.A. v. Nilva, Civ. No. 07-03742 (SDW) (MCA), 2014 WL 1515587, at *4 (D.N.J. Apr.

17, 2014); and

      **WHEREAS** unlike the plaintiffs in the cases listed above, who attempted to serve a

defendant several times or made a showing of "reasonable diligence" in attempting to discover a

4

defendant's proper address, Plaintiff here has not informed the Court of any such diligence on its part; and

**WHEREAS** Plaintiff simply states that it was unable to serve Defendant Sobonito at the address listed by the Cyprus Registrar of Companies. (ECF No. 58-1, at 5); and

**WHEREAS** while Defendant Sobonito's known address may be incorrect, precedent seems to require a showing of more diligence than what Plaintiff has demonstrated here in order to deem an address "not known" for purposes of the Hague Convention; and

**WHEREAS** with regard to Defendant IML, Plaintiff has indicated that it has initiated the process of serving it in Andorra through diplomatic channels, but "that may take a year or more to accomplish and may never be successful". (ECF No. 58-1, at 14-15); and

**WHEREAS** "courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002); and

**WHEREAS** while Plaintiff argues "[t]here is no international agreement that prohibits service by either electronic or ordinary mail", (ECF No. 58-1, at 10), Plaintiff has failed to make the Court aware of whether service by either means is prohibited by Andorra law. See Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC, No. 2:13-CV-458, 2013 WL 1644808, at *1 (W.D. Pa. Apr. 16, 2013) (finding that service by email was appropriate because the court was "not aware of any international agreement or Russian law that prohibits service by email") (emphasis added); and

**WHEREAS** the Court also notes that the "decision of whether to allow alternative service of process under this Rule is committed to the sound discretion of the district court". <u>Knit With v. Knitting Fever, Inc.</u>, 2010 WL 4977944, at *3 (E.D. Pa. Dec. 7, 2010),

**IT IS** on this 10 day of August, 2015,

**ORDERED** that Plaintiff's Motion for Alternative Service of Process, (ECF No. 58-1), is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff is required to exercise "reasonable diligence" in attempting to discover Defendant Sobonito's proper address,[2] before this Court can consider the address "not known" for purposes of the Hague Convention; and it is further

**ORDERED** if Plaintiff files a subsequent motion for alternative service as to Defendant IML, it is required to provide the Court with information regarding whether service by electronic mail is a violation of Andorra law.



**SO ORDERED**

JOSEPH A. DICKSON, U.S.M.J.

cc:     Hon. Esther Salas, U.S.D.J.

---

[2] The Court notes that if Plaintiff is successful in finding an alternate address for Defendant Sobonito, it is required to serve Defendant Sobonito in accordance with the Hague Convention.