**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**ONE JEFFERSON ROAD**

**PARSIPPANY, NEW JERSEY  07054**

(973) 503-5900

NEW YORK, NY
LOS ANGELES, CA
WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(973) 503-5943
www.kelleydrye.com

DIRECT LINE: (973) 503-5943
EMAIL: minnes@kelleydrye.com

November 17, 2015

**VIA CM/ECF**

Hon. Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:  *WAG Acquisition, L.L.C. v. Sobonito Investments, Ltd., et al.,*
> *Civil Action No. 2:14-cv-01661 (ES)(MAH)*

Your Honor:

We represent defendants Coolvision, Ltd. ("Coolvision") and I.M.L. SLU ("I.M.L.") in the above referenced action, and write in response to Plaintiff WAG Acquisition L.L.C.'s ("WAG") letter to the Court (D.E. 72) and the Court's ensuing Letter Order (D.E. 73), scheduling a Rule 16 conference for December 7, 2015.  We respectfully request that Your Honor adjourn the conference, and its attendant merits-based discovery, until a date following the Court's determination whether personal jurisdiction exists over Coolvision or I.M.L.. Coolvision, however, does not seek to adjourn the December 7, 2015 status conference with respect to the on-going personal jurisdiction discovery.

By way of background, on September 29, 2014, the Court held a joint telephone conference in the *WAG* actions.[1]  At the Court's suggestion, all parties that appeared in the *WAG* actions consented to consolidation for discovery purposes.  Importantly, the Court acknowledged during that conference (and ensuing Order) that such consolidation may need to be adjusted in cases where not all parties have been served, which concern was specifically raised for the

---

[1]  "*WAG* actions" refers to: *WAG Acquisition, LLC v. Sobonito Investments, Ltd., et al.*, Civil Action No. 14-1661 ("Sobonito"); *WAG Acquisition, LLC v. Multi Media LLC, et al.*, Civil Action No. 14-2340 ("Multi Media"); *WAG Acquisition, LLC v. Data Conversions, Inc. et al.*, Civil Action No. 14-2345 ("Data Conversions"); *WAG Acquisition, LLC v. Flying Crocodile, Inc., et al.*, Civil Action No. 14-2674 ("Flying Crocodile"); *WAG Acquisition, LLC v. Gattyan Group S.a.r.l., et al.*, Civil Action No. 14-2832 ("Gattyan"); *WAG Acquisition LLC v. FriendFinder Networks Inc., et al.*, Civil Action No. 14-3456 ("FriendFinder"); and *WAG Acquisition, LLC v. Vubeology, Inc., et al.*, Civil Action No. 14-4531 ("Vubeology").

**KELLEY DRYE & WARREN LLP**

Hon. Michael A. Hammer, U.S.M.J.
November 17, 2015
Page Two

instant action given the three foreign defendants at issue and WAG's delay in serving them. (D.E. 41).

WAG filed its original Complaint in this action in March 2014, filed a First Amended Complaint in April 2014 (D.E. 5), and filed a Second Amended Complaint in September 2014 (D.E. 26). WAG waited to serve foreign defendant Coolvision until after WAG filed its First Amended Complaint. WAG waited longer to serve the remaining defendants. WAG tried to serve foreign defendant I.M.L. using the letters rogatory process, but WAG served the First Amended Complaint, not the operative Second Amended Complaint, raising questions as to its validity. The undersigned recently accepted service on behalf of I.M.L. WAG tried to serve foreign defendant Sobonito under the Hague Convention, but was unsuccessful. In August, the Court denied without prejudice WAG's request to serve Sobonito by alternative means given deficiencies in WAG's request. (D.E. 61). WAG is trying again to serve Sobonito under the Hague Convention using a different address for service. Thus, to date, foreign defendants Coolvision and I.M.L. finally have been served but dispute this Court's personal jurisdiction over them and foreign defendant Sobonito has not been served.

WAG submitted its letter to the Court last week (D.E. 72) without prior notice to us and without fairly representing the status of this action.

- **Coolvision:** Coolvision, an Israeli entity, moved to dismiss this action on personal jurisdiction grounds. (D.E. 55). In opposition, WAG asked that the Court find that it has personal jurisdiction or, alternatively, permit limited personal jurisdiction discovery. (D.E. 56). In response, the Court ordered the parties to "engage in limited jurisdictional discovery regarding the Courts personal jurisdiction over Defendant Coolvision." (D.E. 66). The parties conferred with Judge Dickson and are on schedule to comply with the deadlines set forth in the Court's October 8, 2015 Order (D.E. 69) for discovery limited to personal jurisdiction (no merits-based discovery). Once completed, the parties will present the personal jurisdiction issue to the Court for final resolution.

- **I.M.L.:** Counsel for I.M.L. conferred with WAG several times to resolve the personal jurisdiction issues in this case that otherwise require I.M.L., an Andorran entity, to file a motion to dismiss on personal jurisdiction grounds; the parties have not reached agreement. It is not clear why WAG's letter to the Court (D.E. 72) misstated that I.M.L. would "answer" the complaint even though WAG knew that I.M.L. will move to dismiss on personal jurisdiction grounds that—along with Coolvision's motion—should be resolved before proceeding, if at all, on the merits in this action.

- **Sobonito:** WAG's letter (D.E. 72) neglected to inform the Court that WAG still has not served foreign defendant Sobonito, but is trying a second attempt at service under the Hague Convention to a different address.

**KELLEY DRYE & WARREN** LLP

Hon. Michael A. Hammer, U.S.M.J.
November 17, 2015
Page Three

In sum, the threshold issue of personal jurisdiction over foreign defendants Coolvision and I.M.L. must be resolved and foreign defendant Sobonito has not been served (much less appeared) in this case. Neither Coolvision nor I.M.L. should be compelled to comply with the early disclosure requirements or other merits-based discovery prior to this Court determining whether it has personal jurisdiction over them in the first instance. As such, we respectfully request that the Court adjourn the initial scheduling conference, and attendant discovery and scheduling obligations, until a date after the personal jurisdiction issues have been resolved.

The undersigned met and conferred with counsel for WAG. WAG stated that it would not consent to the relief requested and would submit a response to this letter, rather than providing revisions to make this a joint submission.

We thank the Court for its courtesies and consideration. Should Your Honor have any questions, we are available at the Court's convenience.

Respectfully submitted,

Michael A. Innes

MAI/cm

cc:    ALL COUNSEL OF RECORD (via CM/ECF)