# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**ONE JEFFERSON ROAD**
**PARSIPPANY, NEW JERSEY 07054**

(973) 503-5900

NEW YORK, NY
LOS ANGELES, CA
WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(973) 503-5943
www.kelleydrye.com

DIRECT LINE: (973) 503-5943
EMAIL: minnes@kelleydrye.com

November 18, 2015

**VIA CM/ECF**

Hon. Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re: *WAG Acquisition, L.L.C. v. Sobonito Investments, Ltd., et al.*,
      Civil Action No. 2:14-cv-01661 (ES)(MAH)

Your Honor:

   We represent defendants Coolvision, Ltd. ("Coolvision") and I.M.L. SLU ("I.M.L.") in the above referenced action, and write in response to Plaintiff WAG Acquisition L.L.C.'s ("WAG") letter to the Court (D.E. 77) in which WAG raised arguments and case citation that it did not disclose to us when we conferred in an attempt to provide a single joint submission. We are available to are available to participate in a telephone conference at Your Honor's convenience.

   In "determin[ing] that limited jurisdictional discovery is proper in this case" (D.E. 66, p. 24), Judge Salas recognized that the threshold question of whether this Court can exercise personal jurisdiction over Coolvision and I.M.L. in this forum should be resolved before the parties proceed further in New Jersey. Indeed, personal jurisdiction is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Am. Fin. Res., Inc. v. Money Source, Inc.*, No. CIV.A. 14-1651 JLL, 2014 WL 1705617, at *6 (D.N.J. Apr. 29, 2014) quoting *Small v. Camden County*, 728 F.3d 265, 269–70 (3d Cir.2013).

   Importantly, Judge Salas did not order the parties to engage in full blown discovery. Instead, Judge Salas ordered "limited jurisdictional discovery" to inform the Court as to "whether [this] litigation is being conducted in the right forum at the right time." *Am. Fin. Res., Inc.*, 2014 WL 1705617, at *6. Any order directing Coolvision to engage in *any* discovery beyond *limited* jurisdictional discovery would conflict with that order. It also would conflict

NJ01\InneM\233031.1

**KELLEY DRYE & WARREN LLP**

Hon. Michael A. Hammer, U.S.M.J.
November 18, 2015
Page Two

with how the parties and Magistrate Judge Dickson agreed the parties would proceed following Judge Salas' order.

For this reason, we respectfully request that Your Honor adjourn the Rule 16 conference, and its attendant merits-based discovery, until a date following the Court's determination whether personal jurisdiction exists over Coolvision or I.M.L..

Even if this issue had not already been decided by Judge Salas, Your Honor may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." Fed.R.Civ.P. 26(c). In addition, the Court may control the timing and sequence of discovery and efficiently manage the cases before it pursuant to Rules 26(d) and 16(d). And, "when the jurisdiction of the Court is challenged or denied, it is the duty of the Court, on application of a party or on its own motion, to determine the question of jurisdiction before proceeding with other aspects of the case." *Allied Poultry Processors Co v. Polin*, 134 F.Supp. 278, 279 (D.C. Del. 1955).

Indeed, Courts routinely stay merits discovery pending the determination of case dispositive threshold issues, including personal jurisdiction. *See Mvisible Techs., Inc. v. Mixxer, Inc.*, No. 06-61792 CIV, 2007 WL 809677 (S.D. Fla. Mar. 15, 2007) (staying discovery pending resolution of motion to dismiss for lack of personal jurisdiction); *Anderson v. United States Attorneys Office*, No. CIV. A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) (staying discovery until resolution of the defendants' dispositive motion and stating that "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."); *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) (holding that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999), *citing Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (a stay of discovery is appropriate where the court must decide the threshold issue of immunity).

It would be inefficient for the parties to change course and engage in merits based discovery to comply with the deadlines set forth in the Court's letter order. "If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) (recognizing significant costs of discovery to parties

**KELLEY DRYE & WARREN LLP**

Hon. Michael A. Hammer, U.S.M.J.
November 18, 2015
Page Three

and burden to judicial system); *see also U.S. v. County of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) ("it is self-evident that the cost of discovery . . . would be an unnecessary expense in the event that Nassau County's motion to dismiss is ultimately granted."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) ("I find that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted.")

      Deciding the personal jurisdiction issue before entering full merits discovery is particularly important as to personal jurisdiction challenges by foreign defendants, because resolution of that issue may conclude that the foreign defendants should not be burdened with any U.S. discovery obligations in the first instance.

      An order adjourning the conference, and its attendant merits-based discovery, until a date following the Court's determination whether personal jurisdiction exists over Coolvision or I.M.L. will preserve judicial resources, promote efficiency, and is in the best interest of the parties and this Court. We thank the Court for its courtesies and consideration. Should Your Honor have any questions, we are available for a telephone conference the Court's convenience.

Respectfully submitted,

*/s/ Michael A. Innes*

Michael A. Innes

MAI/cm

cc:   ALL COUNSEL OF RECORD (via CM/ECF)

NJ01\InneM\233031.1