UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG ACQUISITION, L.L.C.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SOBONITO INVESTMENTS, LTD.,<br>COOLVISION, LTD., I.M.L. SLU, and<br>DOES 1-20.<br><br>　　　　　　　　Defendants. | Civil Action No. 2:14-cv-01661-ES-MAH<br><br>**STIPULATED PROTECTIVE ORDER<br>REGARDING CONFIDENTIALITY OF<br>DOCUMENTS AND TESTIMONY** |

　　　　Defendants Coolvision, Ltd. ("Coolvision") and I.M.L. SLU ("IML") and Plaintiff WAG Acquisition, L.L.C. ("Plaintiff"), have stipulated, through their respective counsel, to entry of this Stipulated Protective Order Regarding Confidentiality of Documents and Testimony ("Protective Order" or "Order") to govern the use, handling, disclosure, inspection, or exchange of all documents, electronically stored information, testimony, or other information produced or otherwise disclosed (hereinafter, "Discovery Materials") during limited personal jurisdiction discovery. *See* D.E. Nos. 66, 69 and 80. For purposes of this Order, "Litigation" shall refer to the above-captioned action.

　　　　In support of this request, Coolvision and IML have submitted the Declaration of Michael A. Innes, Esq., which demonstrates why this Protective Order is necessary. Based on the facts before the Court and the record in this case, the Court makes the following findings:

　　　　Plaintiff has brought this action against Coolvision, IML, and others alleging infringement of certain patents. Limited discovery to determine whether the Court has personal

jurisdiction over Coolvision and IML will implicate areas of a confidential and proprietary nature, including, for example, confidential and sensitive commercial information, confidential customer information, and other information not generally available to the public. Because the disclosure of such material poses a substantial risk of revealing internal business information, and because such material also potentially implicates the confidentiality interests of Coolvision and IML, Coolvision, IML and Plaintiff have agreed upon a protocol for controlling and limiting disclosure of such information produced in limited personal jurisdiction discovery. The agreed-upon protocol is embodied in this Protective Order.

Good cause exists for entry of this Order. *See* Fed. R. Civ. P. 26(c); L. Civ. R. 5.3; *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The nature of personal jurisdiction discovery involves the production of documents and information and the potential eliciting of deposition testimony, the disclosure of which poses a substantial risk of harm to Coolvision's and IML's legitimate confidentiality interests. This Protective Order provides reasonable restrictions on the disclosure of such sensitive materials. In order to streamline the limited personal jurisdiction discovery process and minimize the need for Court intervention, this Protective Order adopts an "umbrella" approach that allows Coolvision and IML to designate as confidential certain information being produced or deposition testimony taken during limited personal jurisdiction discovery.

Accordingly, pursuant to Fed. R. Civ. P. 26(c), L. Civ. R. 5.3, and by Stipulation of Coolvision, IML, and Plaintiff, the following protocol shall govern the use, handling, disclosure, inspection, or exchange of all Discovery Material disclosed during limited personal jurisdiction discovery.

Because it appears that there is good cause, it is therefore ORDERED that:

1. Any party to this Litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any Discovery Material, or portion of any Discovery Material: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains any private or confidential personal information, or (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this Litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

2. Any party to this Litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any Discovery Material, or portion of any Discovery Material that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this Litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

3. To the extent that any receiving party receives Confidential or Attorneys' Eyes Only material that was produced in a separate action, other than this action, which was filed in any federal or state court, federal or state administrative tribunal, including, any arbitration and/or settlement negotiation process, and which Confidential or Attorneys' Eyes Only material was produced subject to a protective order, sealing order, confidential agreement, or any stipulation among the parties (collectively the "Additional Protective Orders"), the receiving party shall treat the Confidential or Attorneys' Eyes Only material received and subject to any other Additional Protective Orders as Confidential or Attorneys' Eyes Only material pursuant to paragraphs 1 and 2 above, in a similar manner as such material was treated in the Additional Protective Orders or that particular action. Furthermore, as the Court has required production of materials produced pursuant to protective orders filed in other cases, materials that were produced pursuant to the protective orders in the other actions and designated as confidential (or highly confidential or attorneys' eyes only) shall retain all protection provided to them under all such orders without further confidentiality designations in this matter, and dissemination of such materials to the persons bound by this Protective Order shall not be deemed to effect a waiver of any of the protection afforded under such orders.

4. All Confidential and Attorney's Eyes Only material shall be used by the receiving party and its counsel solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party or its counsel for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5 or 7, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-

captioned action based on his or her evaluation of Confidential or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

5. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties (collectively, with Outside counsel, defined herein as any attorney for the parties);

(b) Outside experts or consultants retained by outside counsel for purposes of this action, who are not employees, officers or directors of any party, and not anticipated to become employees, officers, or directors of that party and who are retained or employed as bona fide consultants or experts for purposes of this litigation, by or at the direction of counsel for that party, provided they have signed a non-disclosure agreement in the form attached hereto as Appendix A and provided further that the procedures set forth in Paragraph 8 below have been followed;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g) The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

6. Confidential material shall be used only by individuals permitted access to it under Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) an attorney for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to Outside counsel for the receiving party, outside experts or consultants provided they have signed a non-disclosure agreement in the form attached hereto as Appendix A and provided further that the procedures set forth in Paragraph 8 below have been followed, and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. Disclosure to outside experts or consultants (collectively, "Experts"). Procedures for Approving or Objecting to Disclosure of Confidential or Attorneys' Eyes Only information or items to outside experts or consultants.

> (a) Unless otherwise ordered by the Court or agreed to in writing by the parties, outside counsel for a party to the underlying action that seeks to disclose to an Expert any information or item that has been designated by a party as Confidential or Attorneys' Eyes Only pursuant to Paragraphs 1 or 2 first must make a written request to the producing party that (i) identifies the general categories of Confidential or Attorneys' Eyes Only information that the party seeks permission to disclose to the Expert, (ii) sets forth the full name of the Expert and the city and state of his or her primary residence, (iii) attaches a copy of the Expert's current resume, and (iv) identifies the Expert's current employer(s).
>
> (b) A party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Confidential or Attorneys' Eyes Only information to the identified Expert unless, within ten (10) days of delivering the request, the party receives a written objection from the producing party. Any such objection must set forth in detail the grounds on which it is based.
>
> (c) A party to the underlying action that receives a timely written objection must meet and confer with the producing party (through direct voice to voice

dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.

(d) If no agreement is reached, the party objecting to the disclosure to the Expert shall file a motion to the Court within seven (7) days stating the reason why the Expert should not be entitled to review such information. If the objecting party does not timely file its motion, its objection to disclosure of the subject Confidential and/or Attorneys' Eyes Only information to the identified Expert shall be waived. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert would cause unreasonable risk of harm, and suggest any additional means that could be used to reduce that risk. In any such proceeding, the producing party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the party's need to disclose the Confidential or Attorneys' Eyes Only information to its Expert.

9. With respect to any depositions that involve a disclosure of any Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No portions of a deposition transcript designated by a party as Confidential material shall be disclosed to any individual other than the individuals described in Paragraphs 5 (a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 5 (a), (b), (c), (d) and (f) above and the deponent during said thirty (30) days. No portions of a deposition transcript designated by a party as Attorneys' Eyes Only shall be disclosed to any individual other than the individuals described in Paragraph 7 above. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with terms of this Protective Order.

10. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

12. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or

information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Protective Order.

14. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Protective Order.

16. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered

without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

18. Upon final conclusion of this Litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential and Attorneys' Eyes Only material and to destroy, should such source so request, all copies of Confidential and Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential and Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of material designated as Confidential and Attorneys' Eyes Only from the Court after the final conclusion of the Litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

Dated this __15__ day of December, 2015

_____
Michael A. Hammer, U.S.M.J.

December 14, 2015                    KELLEY DRYE & WARREN LLP


                                     By:  /s/ Michael A. Innes
                                          Michael A. Innes, Esq.
                                          One Jefferson Road
                                          Parsippany, NJ  07054
                                          *Attorney for Defendants Coolvision., Ltd.
                                          and I.M.L. SLU*


December 14, 2015                    LEWIS BACH PLLC


                                     By:  /s/ Ronald Abramson
                                          Ronald Abramson, Esq.
                                          The Chrysler Building
                                          405 Lexington Avenue
                                          62nd Floor
                                          New York, New York 10174
                                          *Attorneys for Plaintiff*

11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG ACQUISITION, L.L.C.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SOBONITO INVESTMENTS, LTD.,<br>COOLVISION, LTD., I.M.L. SLU, and<br>DOES 1-20.<br><br>　　　　　　　Defendants. | Civil Action No. 2:14-cv-01661-ES-MAH |

### APPENDIX A
### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of New Jersey on _____ in the case of *WAG Acquisition, L.L.C. v. Sobonito Investments, Ltd., et al.*, I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to do so could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order, including the disclosure of any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only information disclosed to me to any person or entity except in strict compliance with the provisions of this Stipulated Protective

1

Order.

I further agree that no later than the final conclusion of the case, I will return all Confidential and Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I further agree to submit to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____