## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG Acquisition, L.L.C., <br><br>        Plaintiff, <br><br>   v. <br><br> Sobonito Investments, LTD., *et al*., <br><br>        Defendants. | Civil Action No. 2:14-cv-01661 (ES)(MAH) |
| WAG Acquisition, L.L.C., <br><br>        Plaintiff, <br><br>   v. <br><br> Multi Media, L.L.C., *et al*., <br><br>        Defendants. | Civil Action No. 2:14-cv-02340 (ES)(MAH) |
| WAG Acquisition, L.L.C., <br><br>        Plaintiff, <br><br>   v. <br><br> Data Conversions, Inc., *et al*. <br><br>        Defendants. | Civil Action No. 2:14-cv-02345 (ES)(MAH) |
| WAG Acquisition, L.L.C., <br><br>        Plaintiff, <br><br>   v. <br><br> Flying Crocodile, Inc., *et al*., <br><br>        Defendants. | Civil Action No. 2:14-cv-02674 (ES)(MAH) |

| | |
|---|---|
| WAG Acquisition, L.L.C., | Civil Action No. 2:14-cv-02832 (ES)(MAH) |
|             Plaintiff, | |
|     v. | |
| Gattyán Group S.à r.l., *et al*., | |
|             Defendants. | |
| WAG Acquisition, L.L.C., | Civil Action No. 2:14-cv-03456 (ES)(MAH) |
|             Plaintiff, | |
|     v. | |
| FriendFinder Networks Inc., *et al*., | |
|             Defendants. | |
| WAG Acquisition, L.L.C., | Civil Action No. 2:14-cv-04531 (ES)(MAH) |
|             Plaintiff, | |
|     v. | |
| Vubeology, Inc. *et al*., | |
|             Defendants. | |
| WAG Acquisition, L.L.C., | Civil Action No. 2:15-cv-3581 (ES)(MAH) |
|             Plaintiff, | |
|     v. | |
| WEBPOWER, Inc. d/b/a WP Associates *et al*., | |
|             Defendants. | |

## JOINT DISCOVERY PLAN

Plaintiff WAG Acquisition, L.L.C. ("Plaintiff" or "WAG") and Sobonito Investments, LTD., et al. (14-cv-01661), Multi Media, L.L.C., et al. (14-cv-02340), Data Conversions, Inc., et al. (14-cv-02345), Flying Crocodile, Inc., et al. (14-cv-02674), Gattyán Group S.à r.l., et al. (14-cv-02832), FriendFinder Networks Inc., et al. (14-cv-03456), and Vubeology, Inc. et al. (14-cv-04531) (collectively, "Defendants"), by and through their respective attorneys, hereby submit this Joint Discovery Plan[1] pursuant to the Court's Letter Order Pursuant to Rule 16.1 (*e.g.*, Dkt. No. 73, 14-cv-01661) prior to the initial scheduling conference set for Friday, January 22, 2016 at 11:00 a.m.

**1.  Set forth a factual description of the case.  Include the causes of action and affirmative defenses asserted.**

**Plaintiff's Position.**  WAG instituted these eight (8) matters as a series of separate actions for patent infringement, beginning with case no. 2:14-cv-1661, filed March 14, 2014.

WAG has asserted patent infringement claims based on four (4) related U.S. Patents: Nos. 8,122,141 ("'141 patent"), 8,327,011 ("'011 patent"), 8,185,611 ("'611 patent"), and 8,364,839 ("'839 patent") (collectively, the "patents-in-suit").

The Defendants in six of the eight actions (case nos. 2:14-cv-1661, 2:14-cv-2674, 2:14-cv-2832, 2:14-cv-3196, 2:14-cv-3456, and 2:14-cv-4531) are accused of infringing all four of the patents-in-suit.  In the remaining two cases (case nos. 2:14-cv-2340 and 2:14-cv-2345), the Defendants are accused of infringing only the '141 and '011 patents.

Plaintiff alleges that the patents-in-suit cover various servers, players, and methods for streaming media delivery over the Internet.  Plaintiff further alleges that the servers and players,

---

[1] Counsel for Plaintiff and Defendants conducted a meet and confer beginning on January 8, 2016 and ending January 19, 2016.

and the software that makes them operate, are covered individually and in various combinations under the several claims of the patents-in-suit.

Defendants are all in businesses that involve high-volume streaming of audio-visual media over the Internet. Most of the Defendants in these actions provide "live, adult, interactive webcams" over the Internet. The exceptions are one set of Defendants (in case no. 2:14-cv-2345) that distribute adult "video on demand" (prerecorded) programming, and another set (in case no. 2:14-cv-4531) that operates a video sharing site. WAG is located in New Jersey. The Defendants in all of the pending cases are alleged to have substantial connections to New Jersey. These connections vary from case-to-case and allegedly include, for example, Internet servers located in New Jersey, performers in New Jersey, consumers in New Jersey, and sponsoring and participating in New Jersey promotional events for the alleged infringing services.

WAG alleges that each set of named Defendants in the respective cases are responsible for:

- Using and operating infringing Internet servers and server software (the software that runs the servers).

- Electronically directing and controlling the use and operation of infringing players and player software (the software that runs the players).

- Inducing consumers to use infringing players and player software, knowing of WAG's patents and knowing that the same constitutes direct infringement.

Plaintiff alleges (with some variation in details from case-to-case) that since it commenced these actions, Defendants have continued their infringing conduct without abatement, and that their continued infringement is willful.

The same "family" of related patents is involved in each of WAG's cases. The alleged legal bases for infringement are largely the same from case-to-case. However, Defendants have implemented their Internet servers and services in distinct ways, giving rise to variations in the individual infringement facts from case-to-case.

Defendants have denied the material allegations of the complaints, and individually pled numerous affirmative defenses including: non-infringement; patent invalidity; the equitable defenses of unclean hands, estoppel, laches, acquiescence, and/or waiver; patent unenforceability; prosecution history estoppel; lack of constitutional standing and limitation of damages. And several defendants have filed counterclaims for declaratory judgment of non-infringement and/or invalidity.

*Sobonito* **Case (2:14-cv-01661)**. The *Sobonito* case has an ongoing jurisdictional issue currently in limited jurisdictional discovery. Israeli-based foreign Defendant Coolvision Ltd. ("Coolvision") was served in 2014 and it moved to be dismissed for lack of personal jurisdiction. The Court ordered the parties to conduct limited personal jurisdiction discovery as to Coolvision. Andorran-based foreign Defendant I.M.L. SLU ("IML") was served in August 2015 and the limited personal jurisdiction discovery was expanded to cover personal jurisdiction over IML. Plaintiff has attempted service on Cyprus-based foreign Defendant Sobonito Investments, Ltd. ("Sobonito"), but has so far not been successful in these efforts.

In the current limited personal jurisdictional discovery, WAG served and Defendants IML and Coolvision have responded to requests for production of documents and interrogatories. The parties currently are working to reach agreement to limit further discovery, which, if successful, could make the issue of personal jurisdiction ripe for decision pursuant to a joint motion filed by IML and Coolvision.

Foreign Defendants IML and Coolvision assert that merits-based discovery in this case should not proceed until after the issue of personal jurisdiction over the parties has been resolved and remaining foreign defendant Sobonito has been served or dismissed. Accordingly, foreign Defendants IML and Coolvision assert that the proposed schedule on merits-based discovery

5

would not apply in the *Sobonito* case; rather than provide that caveat throughout this submission every time the term "Defendants" is used, please consider that caveat as part of any reference to "Defendants" in this submission.  Plaintiff does not agree that discovery against IML or Coolvision should be stayed, but instead that this case should continue to be consolidated with all of these other cases for discovery purposes.

Plaintiff has endeavored to make this a joint, neutral description of the background and status of these cases, but Defendants have elected to insert the further statements below.  Plaintiff objects to these statements to the extent they contain rhetoric and arguments beyond what is called for by the Court's form Joint Discovery Plan.

**Defendants' Position.**  WAG has alleged infringement of one or more claims of the Patents-in-Suit [2] against 30+ named defendants in ten separate actions which have been consolidated for discovery purposes.

 The Patents-in-Suit, which include over 70 claims, generally relate to internet video streaming. WAG admittedly does not practice any of the claims of the asserted patents. The patents allegedly address issues of delay or interruptions in the online streaming video experience.  The inventors readily acknowledged that known prior art techniques addressed such issues by using a buffer in the media player to collect the video data stream as it is received and playing the video from that buffer.  Here, WAG's alleged inventions are directed to an abstract concept of filling such buffer at a rate faster than the video being played in order to start playing the video sooner and reduce interruptions during playback.

---

[2] WAG variously claims infringement of U.S. Patent Nos. 8,122,141 ("the '141 Patent"), 8,327,011 ("the '011 Patent"), 8,185,611 ("the '611 Patent") and/or 8,364,839 ("the '839 Patent") (collectively, "the Patents-in-Suit") against Defendants.

Defendants have individually pled numerous affirmative defenses including: non-infringement; patent invalidity; the equitable defenses of unclean hands, estoppel, laches, acquiescence and/or waiver; patent unenforceability; prosecution history estoppel; lack of constitutional standing and limitation of damages. And several defendants have filed counterclaims for declaratory judgment of non-infringement and/or invalidity.

As Judge Salas acknowledged during the hearing on Defendants' joint motion to defense, the Defendants will present strong defenses on patent invalidity and noninfringement. For example, WAG is asserting abstract patents whose invalidity under 35 U.S.C. § 101 can be demonstrated under a pure legal analysis. Defendants are seeking to bifurcate liability and damages in all of the above-captioned actions.[3] Defendants, therefore, believe that bifurcation will preserve the time and resources of the parties and Court alike. Bifurcation is appropriate here, given the large number of patents, claims and parties at issue. It is also appropriate given the fact that subject matter invalidity can be promptly resolved following the construction of certain key claim terms. As made clear by Judge Linares, bifurcation promotes judicial efficiency and convenience and "courts within this district have indeed adopted this very approach." *In re Althan Pharma AG v. Teva Pharms. USA Inc*., 2009 U.S. Dist. LEXIS 56350, *6 (D.N.J. July 1, 2009) (bifurcating patent infringement liability and damages).

As a corollary, Defendants will also seek a stay of damages discovery pending the Court's resolution of the liability phase of these actions.

---

[3] Pursuant to Fed R. Civ. P. 42(b), a court may bifurcate a trial if it would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy[.]" Fed. R. Civ. P. 42(b). "[T]he decision to bifurcate … is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978), *cert. denied*, 439 U.S. 955 (1978).

*Sobonito* **Case (2:14-cv-01661)**.  The *Sobonito* case is in a different posture than the others.  Israeli-based foreign Defendant Coolvision Ltd. ("Coolvision") was served in 2014 and moved to be dismissed for lack of personal jurisdiction.  The Court ordered the parties to conduct limited personal jurisdiction discovery as to Coolvision.  Andorran-based foreign Defendant I.M.L. SLU ("IML") was served in August 2015 and the limited personal jurisdiction discovery was expanded to cover personal jurisdiction over IML.  Cyprus-based foreign Defendant Soboniti Investments, Ltd. ("Sobonito") has not been served.

WAG and foreign Defendants IML and Coolvision currently are engaged in limited personal jurisdiction discovery.  WAG served and Defendants IML and Coolvision have responded to requests for production of documents and interrogatories.  The parties currently are working to reach agreement to limit further discovery so that the issue of personal jurisdiction is ripe for resolution through a joint motion filed by IML and Coolvision.

Foreign Defendants IML and Coolvision assert that merits-based discovery in this case should not proceed until after the issue of personal jurisdiction over the parties has been resolved and remaining foreign defendant Sobonito has been served or dismissed.  Accordingly, foreign Defendants IML and Coolvision assert that the proposed schedule on merits-based discovery would not apply in the *Sobonito* case; rather than provide that caveat throughout this submission every time the term "Defendants" is used, please consider that caveat as part of any reference to "Defendants" in this submission.

**Principal Legal Issues In Dispute.**  Defendants believe the following legal issues at this stage of the litigation are in dispute:

    i.  Subject matter eligibility of the Patents-in-Suit;

    ii.  Validity of the Patents-in-Suit;

    iii.   Infringement of the Patents-in-Suit by the accused instrumentalities;

    iv.   Enforceability of the '141 Patent;

    v.   Plaintiff's constitutional standing as to all Patents-in-Suit;

    vi.   Various issues of inventorship of the Patents-in-Suit; and

    vii.   Meaning of certain claim terms or phrases.

**2.**    **Have settlement discussions taken place?**  Yes _X___No _____

Plaintiff has settled a different related case related to the same patents in suit (2:14-cv-3196), and the parties have discussed settlement to various extents in each of the present cases. The parties remain open to further settlement discussions.

**3.**    **The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1)**

The parties exchanged their initial disclosures on November 30, 2015, except for Defendants in case no. 2:14-cv-1661 because of the personal jurisdiction dispute.

**4.**    **Describe any discovery conducted other than the above disclosures.**

The Parties have reached an agreement as to a Proposed Scheduling Order as set forth in Appendix A.

Other than limited jurisdictional discovery in the *Sobonito* case (case no. 2:14-cv-1661) discussed below, no further discovery has taken place to date.  Unless otherwise stated herein, the parties will follow the general federal and local rules, including the limitations on discovery set forth in the recently amended Fed. R. Civ. P. 26.

**<u>Sobonito Action</u>**

With respect to case no. 2:14-cv-1661, Plaintiff is currently engaged in jurisdictional discovery with respect to Defendants I.M.L. SLU ("IML") and Coolvision, Ltd. ("Coolvision"). IML and Coolvision have provided responses to Plaintiff's Interrogatories and Document

Requests.  Plaintiff made its initial disclosures in this case on November 30, 2015, but has not yet received Defendants' initial disclosures.  Plaintiff proposes that general discovery in this matter continue in accordance with the joint Proposed Scheduling Order in Appendix A.  Defendants have requested that general discovery be stayed pending a Court ruling on a motion to dismiss for lack of personal jurisdiction, which may be forthcoming after jurisdictional discovery is complete.  Plaintiff asserts that given the anticipated timing of these matters, the *Sobonito* defendants will not be prejudiced by scheduling merits-based discovery in their case in a coordinated manner with the other cases.

5.     **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery.  Include any jurisdictional Motions and Motions to Amend.**

The parties anticipate the use of discovery motions only as necessary to obtain responsive discovery.  Before filing a formal discovery motion, the parties agree to comply with the meet-and-confer requirements of Local Civil Rule 37.1.  The following lists the respective parties' contemplated and potential motions.

**Plaintiff's Position.**

Motion for Alternate Service:  In case no. 2:14-cv-1661, Plaintiff may file a renewed motion for alternate service of Defendant Sobonito Investments, LTD. ("Sobonito"), unless that Defendant's involvement in the case is otherwise resolved.  On two separate occasions, Plaintiff has unsuccessfully attempted to service Sobonito in Cyprus through the Hague Service Convention, because Sobonito could not be found at previously known addresses.

10

**Defendants' Position.**

Motion to Limit the Asserted Claims. Defendants further will seek to limit the number of asserted claims. WAG is asserting four patents comprising over 70 claims.[4] This is an unwieldy number to litigate, and Defendants seek a fair reduction in the asserted claims, to be elected at least ten (10) business days prior to WAG serving its infringement contentions as outlined in Appendix B.

Motion to Bifurcate Liability and Damages. Defendants believe that liability discovery should be bifurcated from damages discovery. Thus, discovery relating to damages will only be conducted if Plaintiff is successful in the liability phase of these actions. As the Court noted at the Motion to Dismiss hearing, there are several issues with the patents asserted in this case (Transcript of MTD at 9-10, 140-141), and imposing Defendants with the burden to provide damages-related information (relative to WAG who has no burden to provide financial information) before these issues are resolved would undermine rather than promote judicial economy. Thus, bifurcating discovery will preserve the parties' resources and promote judicial economy.

Motion to Resolve 101 Issues. Defendants previously filed a motion to dismiss under 35 U.S.C. § 101. In its Opinion & Order (D.I. 55), the Court indicated that claim construction was required before it can determine whether WAG's patents are invalid under § 101. *Id.* at 12. Accordingly, Defendants intend to renew their § 101 challenge soon after the Court's Markman Order as set forth in Appendix A below.

Motion to Determine the Priority Date of the Asserted Claims. Finally, Defendants will move for an early determination of the priority date of various claims of the Patents-in-Suit.

---

[4] For the '839 Patent, WAG has stated it will only assert the six claims not instituted in the *inter partes* review. Dkt. No. 65 (14-cv-02340), at 1-2.

6.      **The parties proposed the following:**

(a)      **Discovery is needed on the following subjects:**

The parties have agreed to the Proposed Scheduling Order in Appendix A.

**Plaintiff's Position.**  In general, Plaintiff will need discovery of documents including, without limitation, network and server configuration documents and source code for server and operating software sufficient to show the design, structure, and operation of Defendants' accused servers, and depositions of Defendants' responsible personnel in connection therewith.  Plaintiff will also require basic discovery concerning the structure of the Defendants' respective corporate organizations, and identification of the responsible business, technical, and operational personnel. Plaintiff will further require damages discovery in order to determine a reasonable royalty.  In any cases in which Defendants dispute jurisdiction, jurisdictional discovery may also be necessary.

**Defendants' Position.**  The parties anticipate discovery consistent with the Federal Rules of Civil Procedure including the recent amendments to Fed. R. Civ. P. 26 and the new proportionality requirements mandated therein.  Generally, the parties anticipate seeking discovery directed to issues of infringement/non-infringement, validity/non-invalidity, enforceability, claim construction, inventorship and constitutional standing.

In particular, the parties anticipate that discovery will be needed on topics such as:

i.      WAG's pre-suit diligence in filing the litigations, especially given the broad scope of discovery WAG needs for their case above signaling a lack of diligence in the first instance;

ii.      Ownership and assignment history of the Patents-in-Suit;

iii.      Conception and reduction to practice of the claimed inventions;

iv.      Prior use and prior knowledge of any subject matter in the Patents-in-Suit;

    v.        Prior art to the Patents-in-Suit;

   vi.        Secondary considerations of non-obviousness;

  vii.        The functionality of the accused instrumentalities; and

 viii.        Issues relating to inventorship.

The foregoing is not an exclusive list, and as the case develops other avenues of discovery may be necessary.

    **(b)**      **Should discovery be conducted in phases?  If so, explain.**

**Plaintiff's Position.**  Plaintiff does not believe that discovery should be conducted in phases not already provided for by the Proposed Scheduling Order in Appendix A.  Discovery into liability and damages should not be bifurcated.

**Defendants' Position.**  Defendants believe that discovery should be conducted in two phases consistent with Defendants' request to bifurcate damages from liability.  Discovery relating to damages will only be conducted if Plaintiff is successful in the liability phase of these actions.

    **(c)**      **Number of Interrogatories by each party to each other party:**

Insofar as discovery is consolidated, the parties agree to coordinate and to avoid duplication in all discovery devices.  The parties disagree on the number of interrogatories to be served by each party.  The below chart sets forth Plaintiff's and Defendants' different proposals as to the number of interrogatories each party would be entitled to serve in each case without seeking leave from the Court:

| | Number of Interrogatories Plaintiff may serve in each docketed case | Number of Interrogatories Defendants may serve in each docketed case | Number of *common* Interrogatories Defendants may serve across all cases |
|---|---|---|---|
| Plaintiff's Position | 25 | 15 | 20 |
| Defendants' Position | 20 | 20 | 10 |

**(d)      Number of Depositions to be taken by each party:**

The parties agree to comply with Fed. R. Civ. P. 30 regarding the use of depositions.  The parties will use their best efforts to avoid unnecessary duplication.  The parties may not depose a witness beyond the parameters established by this Order, without leave of Court.  .

Plaintiff has 45 hours of deposition time per docketed case for depositions of parties and party fact witnesses.

Similarly, the Defendants in each docketed case have 45 hours of deposition time per case for depositions of parties and party fact witnesses.

A single notice served under Fed. R. Civ. P. 30(b)(6) shall be counted as a single deposition for each twelve (12) hour increment.

In addition to the above deposition time, the Defendants collectively and Plaintiff will each have 20 hours more of deposition time.

The parties are not proposing deposition time limits for non-parties and/or experts (other than as set forth in Fed R. Civ. P. 30(d)(1)), and non-parties and/or experts are not included in the above limits.

**(e)      Plaintiff's expert report due on _____**

See annexed Proposed Scheduling Order in Appendix A.

**(f)      Defendant's expert report due on _____**

See annexed Proposed Scheduling Order in Appendix A.

**(g)      Motion to Amend or to Add Parties to be filed by _____**

See annexed Proposed Scheduling Order in Appendix A.

**(h)      Dispositive motions to be served within ___ days of completion of discovery.**

See annexed Proposed Scheduling Order in Appendix A.

**(i)      Factual discovery to be completed by _____**

See annexed Proposed Scheduling Order in Appendix A.

**(j)      Expert discovery to be completed by _____**

See annexed Proposed Scheduling Order in Appendix A.

**(k)      Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders.**

E-Discovery Order.  The parties will endeavor to reach agreement on an e-discovery order covering such items as e-mail collection, searching, and production on the date set forth in Appendix A.  If the parties are unable to reach an agreement, they will submit their respective proposals to the Court.

Protective/Confidentiality Order.  The parties will endeavor to reach agreement on a Discovery Confidentiality Order covering access to confidential information, source code, and potential prosecution bar, among other items, on the date set forth in Appendix A   If the parties are unable to reach an agreement, they will submit their respective proposals to the Court.

**(l)      A pretrial conference may take place on _____**

See annexed Proposed Scheduling Order in Appendix A.

**(m)      Trial by jury or non-jury Trial?**

The parties request trial by jury.

**(n)      Trial date: _____**

See annexed Proposed Scheduling Order in Appendix A.

    **(o)**      **Number of Document Requests.**

The parties agree to coordinate to avoid duplication in all discovery devices, including requests for production of documents.

    **(p)**      **Anticipated schedule for retention of experts and submission of their reports.**

The parties intend to retain experts for both the claim construction and/or trial phases of these actions.  The parties will submit expert reports as set forth in the Proposed Scheduling Order in Appendix A.

**7.**      **Do you anticipate any discovery problem(s)?**

In the parties view, they do not otherwise currently anticipate any discovery problems.  The parties have committed to work through any such issues and only bring them to the Court's attention if there is a disagreement that cannot be resolved through good faith meet-and-confer efforts.

As noted above, in most of the cases, both parties exchanged their initial disclosures (Defendants have not made their initial disclosures in case no. 2:14-cv-1661).  Except for these initial disclosures, discovery has only commenced (and only in a limited manner), with respect to jurisdictional discovery in case no. 2:14-cv-1661.  In that case, Plaintiff is of the view that IML's and Coolvision's responses to Plaintiff's jurisdictional discovery requests have so far been inadequate.  Plaintiff has met and conferred with IML and Coolvision regarding those responses, and the parties are seeking to resolve these disputes by agreement as to requests for admission or fact stipulations.  Those discussions are ongoing as of this time and may obviate the present discovery disputes.  However, if those efforts to reach agreement are unsuccessful, Plaintiff expects that it will have to bring a motion to compel.

Defendants in case no. 2:14-cv-1661 note that it involves foreign defendants and contends that this may give rise to potential international privacy law concerns that may impact discovery in that case.

**8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)**

The parties anticipate the need for videotaped depositions. There may be relevant witnesses or documents outside of the United States, for which a party may seek the assistance of the Court to compel testimony or production of documents.

**9. State whether this case is appropriate for voluntary arbitration (pursuant to L.Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.)**

The parties agree that these cases are not appropriate for voluntary arbitration, mediation, appointment of a special master or other special procedure, as there are multiple cases, involving allegations of infringement by unrelated defendants with differing technologies. Further, there are factual questions that should be resolved by a jury.

**10. Is this case appropriate for bifurcation?**

**Plaintiff's Position.** These cases are not appropriate for bifurcation.

**Defendants' Position.** Yes, Defendants believe the case is appropriate for bifurcation as outlined previously above.

**11.     The Parties <u>do not</u> consent to the trial being conducted by a Magistrate Judge.**

Dated:  January 19, 2016                    Respectfully submitted,


<u>s/ Ronald Abramson</u>
Ronald Abramson
David G. Liston
**LEWIS BAACH pllc**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: (212) 826-7001
*Attorneys for Plaintiff*, WAG Acquisition, L.L.C.



<u>s/ Michael A. Innes</u>
Michael A. Innes, Esq.
**KELLEY DRYE & WARREN LLP**
200 Kimball Drive
Parsippany, New Jersey 07054
Telephone:  (973) 503-5900

David W. Long (*Pro Hac Vice*)
Stephen R. Freeland (*Pro Hac Vice*)
**KELLEY DRYE & WARREN LLP**
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC  20007-5108
Telephone: (202) 342-8400
Facsimile:  (202) 342-8451

*Attorneys for Defendant Coolvision Ltd.*

<u>s/ Justin T. Quinn</u>
Keith J. Miller
Justin Quinn
**ROBINSON MILLER LLC**
One Newark Center
Newark, NJ 07102
Telephone No.: (973) 690-5400
Facsimile No.: (973) 466-2760
KMiller@rwmlegal.com
JQuinn@rwmlegal.com

**OF COUNSEL:**
Frank M. Gasparo (*Pro Hac Vice*)
Ralph A. Dengler (*Pro Hac Vice*)
Todd M. Nosher
Andrew P. MacArthur
**VENABLE LLP**
1270 Avenue of the Americas
New York, New York 10020
Telephone No.:  (212) 307-5500
Facsimile No.:  (212) 307-5598
FMGasparo@venable.com
RADengler@venable.com
TMNosher@venable.com
APMacArthur@Venable.com

*Attorneys for Defendants FriendFinder Networks Inc.,*
*Streamray Inc., Multi Media, LLC, WMM, LLC and WMM*
*Holdings, LLC, and WebPower*

s/ David A. Ward
David A. Ward, Esq.
KLUGER HEALEY, LLC
219 Broad Street
Red Bank, New Jersey 07052
Telephone: (732) 852-7500
dward@klugerhealey.com

Brian G. Bodine (*Pro Hac Vice*)
Steven B. Winters (*Pro Hac Vice*)
Adriane M. Scola (*Pro Hac Vice*)
LANE POWELL PC
1420 Fifth Ave., Suite 4200
Seattle, WA 98111-9402
Telephone: (206) 223-7000
bodineb@lanepowell.com
scolaa@lanepowell.com
winterss@lanepowell.com

*Attorneys for Defendants Flying Crocodile, Inc., FCI, Inc.,*
*Accretive Technology Group, Inc., ICF Technology, Inc.,*
*Riser Apps LLC, Streamates Ltd., Streamates Ltd. d/b/a*
*Streamates Ltd., LLC, and Vubeology, Inc.*

s/ Justin T. Quinn
Keith J. Miller
Justin Quinn
**ROBINSON MILLER LLC**
One Newark Center
Newark, NJ 07102
Telephone No.: (973) 690-5400
Facsimile No.: (973) 466-2760
KMiller@rwmlegal.com
JQuinn@rwmlegal.com

**OF COUNSEL:**
Kevin O'Brien (*Pro Hac Vice*)
Richard V. Wells (*Pro Hac Vice*)
**BAKER & McKENZIE, LLP**
815 Connecticut Avenue, N.W.
Washington, D.C. 20006
Telephone No.:  (202) 835-6143
Facsimile No.:  (202) 416-7143
Kevin.O'Brien@bakermckenzie.com
Richard.Wells@bakermckenzie.com

*Attorneys for Defendants Gattyán Group S.à r.l., Duodecad*
*IT Services Luxembourg S.à r.l. and Duodecad IT Services*
*USA LLC*

21

**APPENDIX A**
**Joint Proposed Discovery Schedule**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG Acquisition, L.L.C.,<br><br>    Plaintiff,<br><br>  v.<br><br>Sobonito Investments, LTD., *et al*.,<br><br>    Defendants. | Civil Action No. 2:14-cv-01661 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>    Plaintiff,<br><br>  v.<br><br>Multi Media, L.L.C., *et al*.,<br><br>    Defendants. | Civil  Action  No.  2:14-cv-02340 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>    Plaintiff,<br><br>  v.<br><br>Data Conversions, Inc., *et al*.<br><br>    Defendants. | Civil  Action  No.  2:14-cv-02345 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>    Plaintiff,<br><br>  v.<br><br>Flying Crocodile, Inc., *et al*.,<br><br>    Defendants. | Civil  Action  No.  2:14-cv-02674 (ES)(MAH) |

| | |
|---|---|
| WAG Acquisition, L.L.C.,<br><br>        Plaintiff,<br><br>    v.<br><br>Gattyán Group S.à r.l., *et al*.,<br><br>        Defendants. | Civil Action No. 2:14-cv-02832 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>        Plaintiff,<br><br>    v.<br><br>FriendFinder Networks Inc., *et al*.,<br><br>        Defendants. | Civil Action No. 2:14-cv-03456 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>        Plaintiff,<br><br>    v.<br><br>Vubeology, Inc. *et al.*,<br><br>        Defendants. | Civil Action No. 2:14-cv-04531 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>        Plaintiff,<br><br>    v.<br><br>WEBPOWER, Inc. d/b/a WP Associates *et al.*,<br><br>        Defendants. | Civil Action No. 2:15-cv-3581 (ES)(MAH) |

**(PROPOSED) <u>DISCOVERY SCHEDULE</u>**

**THIS MATTER** having come before the Court on January __, 2016 for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure, and the parties having presented a Joint Discovery Plan; and for good cause shown, the discovery schedule in this matter shall be as follows:

| Item Number | Event | Proposed Date | Reference |
|---|---|---|---|
| 1 | Rule 16 Scheduling Conference | 1/22/16 | Fed. R. Civ. P. 16 |
| 2 | Submission of Proposed E-Discovery and  Confidentiality Order | 2/5/16 | L. Pat. R. 2.2 |
| 3 | Disclosure of Asserted Claims and Infringement Contentions and Accompanying Document Production | 3/22/16 | L. Pat. R. 3.1-3.2 |
| 4 | Service of Non-Infringement Contentions and Accompanying Document Production | 5/9/16 | L. Pat. R. 3.2A |
| 5 | Service of Invalidity Contentions and Accompanying Document Production | 5/9/16 | L. Pat. R. 3.3-3.4 |
| 6 | Service of Responses to Invalidity Contentions and Accompanying Document Production | 5/23/16 | L. Pat. R. 3.4A |
| 7 | Exchange of Proposed Terms for Construction | 6/6/16 | L. Pat. R. 4.1(a) |
| 8 | Exchange of Preliminary Claim Constructions | 6/27/16 | L. Pat. R. 4.2(a)-(b) |
| 9 | Deadline to amend pleadings to add additional parties | 11/4/16 | |
| 10 | Service of Identification of Intrinsic and Extrinsic Evidence for Claim Construction | 7/11/16 | L. Pat. R. 4.2(c) |
| 11 | File Joint Claim Construction and Prehearing Statement | 7/27/16 | L. Pat. R. 4.3(a)-(f) |
| 12 | Completion of Claim Construction Discovery other than Experts; Tutorials due | 8/29/16 | L. Pat. R. 4.4 |
| 13 | File Opening Markman Submissions | 9/12/16 | L. Pat. R. 4.5(a) |
| 14 | Conclude Markman Expert Discovery | 9/29/16 | L. Pat. R. 4.5(b) |
| 15 | File Responding Markman Submissions | 11/14/16 | L. Pat. R. 4.5(c) |

| Item Number | Event | Proposed Date | Reference |
|---|---|---|---|
| 16 | File a Proposed Schedule for Claim Construction Hearing | 11/28/16 | L. Pat. R. 4.6 |
| 17 | Defendants to renew their § 101 Challenge via motion under Fed. R. Civ. P. 12(c) or 56.  Briefing schedule to be determined by the Court. | Within 45 days of Markman Order | |
| 18 | Close of Fact Discovery | 4/20/17 | |
| 19 | Disclose FRCP information relating to experts | 10 days after Markman Order | |
| 20 | Opening expert reports by party bearing burden | 45 days after Markman Order | |
| 21 | Responding expert reports | 75 days after Markman Order | |
| 22 | Close of expert discovery | 100 days after Markman Order | |
| 23 | Deadline to file dispositive motions (including motions for summary judgment, motions to strike experts, and *Daubert* motions) | 125 days after Markman Order | |
| 24 | Serve Advice of Counsel Defense Disclosures and Accompanying Document Production | 30 days after Markman Order | L. Pat. R. 3.8(a)-(c) |
| 25 | Parties to meet and confer re joint final pretrial order | 30 days after decision on dispositive motions | |
| 26 | Parties to exchange copies of all proposed trial exhibits | 40 days after decision on dispositive motions | |
| 27 | Joint final pretrial order | 40 days after decision on dispositive motions | |
| 28 | Pretrial Conference | 45 days after decision on dispositive motions | |
| 29 | Any motions *in limine* to be made | 40 days after decision on dispositive motions | |
| 30 | Trial | 90 days after decision on dispositive motions | |

**IT IS SO ORDERED.**

Dated this _____ day of January 2016

_____

Michael A. Hammer, U.S.M.J.