# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Sobonito Investments, LTD., *et al.*, <br><br> Defendants. | Civil Action No. 2:14-cv-01661 (ES)(MAH) |
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Multi Media, L.L.C., *et al.*, <br><br> Defendants. | Civil Action No. 2:14-cv-02340 (ES)(MAH) |

| | |
|---|---|
| WAG Acquisition, L.L.C.,<br><br>     Plaintiff,<br><br>v.<br><br>Data Conversions, Inc., *et al*.<br><br>     Defendants. | Civil Action No. 2:14-cv-02345 (ES)((MAH) |
| WAG Acquisition, L.L.C.,<br><br>     Plaintiff,<br><br>v.<br><br>Flying Crocodile, Inc., *et al*.,<br><br>     Defendants. | Civil Action No. 2:14-cv-02674 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>     Plaintiff,<br><br>v.<br><br>Gattyán Group S.à r.l., *et al*.,<br><br>     Defendants. | Civil Action No. 2:14-cv-02832 (ES)(MAH) |

| | |
|---|---|
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> FriendFinder Networks Inc., *et al*., <br><br> Defendants. | Civil Action No. 2:14-cv-03456 (ES)(MAH) |
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Vubeology, Inc. *et al.*, <br><br> Defendants. | Civil Action No. 14-cv-04531 (ES)(MAH) |
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> WEBPOWER, Inc. d/b/a WP Associates *et al.*, Defendants. | Civil Action No. 2:15-cv-3581 (ES)(MAH) |

## ORDER REGARDING E-DISCOVERY IN PATENT CASES

The Court **ORDERS** as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion or by agreement of the parties. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

    A. <u>General Document Image Format</u>. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format, except for files that are not easily convertible to image format, such as Excel and Access files, which shall be produced in native format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the

document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B. <u>Text-Searchable Documents</u>. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. <u>Footer</u>. Each document image shall contain a footer with a sequentially ascending production number.

D. <u>Native Files</u>. In addition to the production of files in native format as provided for in Section 5.A above, a party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E. <u>Party E-mails</u>. General ESI production requests under Federal Rules of Civil Procedure 34, or compliance with a mandatory disclosure order of this Court, shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests on no more than five (5) custodians per docketed case for each side. Each requesting party shall further limit its email production requests to a total of ten (10) search terms per custodian over a confined time frame. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as

a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

To the extent that a proposed search term initially yields an unreasonable number of documents, the responsiveness and privilege review of which would not be proportionate to the needs of the case under Rule 26(b), the parties shall meet and confer in a good faith attempt to reach agreement on a revised version of the term that yields a reasonable number of documents to be reviewed for responsiveness and privilege.

There are no such limitations on Rule 45 or non-party e-mails.

6. Pursuant to Federal Rule of Evidence 502(d), no waiver of attorney-client privilege and/or work product protection for any information or materials shall be deemed to have been made by reason of disclosure in connection with this litigation.

**IT IS SO ORDERED.**

Dated this ____ day of January 2016           _____

                                                                                            Michael A. Hammer, U.S.M.J.