**Lewis | Baach pllc**
**Kaufmann Middlemiss**
THE NEW YORK OFFICE OF LEWIS BAACH PLLC

February 24, 2016

**VIA ECF**

The Honorable Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:  *WAG Acquisition L.L.C. v. Sobonito Investments, Ltd., et al.* **(14-cv-01661)**

Dear Judge Hammer:

On behalf of Plaintiff WAG Acquisition, L.L.C. ("WAG") and Defendants I.M.L. SLU ("IML") and Coolvision Ltd. ("Coolvision") in the above-captioned case, we write jointly to address the schedule for completing jurisdictional discovery. While the parties have recently resolved the previous issues that were raised regarding attorney representation, it is Plaintiff's position that the parties have reached an impasse on the jurisdictional discovery requests served by Plaintiff in October and November 2015 pursuant to the Court's prior order herein of October 8, 2015 (D.I. 69).

Plaintiff and Defendants respective positions on this request are as follows:

<u>Plaintiff's Position</u>

On October 19, 2015, Plaintiff served on Coolvision its First Set of Interrogatories and First Request for Production of Documents seeking limited jurisdictional discovery. Based on the agreement of the parties, the Court agreed to broaden jurisdictional discovery to include IML (Docket No. 80). On November 25, 2015, Plaintiff served on IML its First Set of Interrogatories and First Request for Production of Documents seeking substantially similar jurisdictional discovery.

IML and Coolvision served objections and responses to these discovery requests. IML and Coolvision later produced documents they claimed were responsive



to Plaintiff's requests, which consisted of 29 and 77 pages, respectively, which were heavily redacted.[1]

Plaintiff regards IML's and Coolvision's production of documents and response to Plaintiff's interrogatories to be inadequate.

The parties have held a number of meet and confers regarding IML's and Coolvision's production, with the first occurring on December 23, 2015.

Among the issues the parties have discussed was the possibility of resolving any discovery disputes by possibly agreeing to specified Requests for Admission ("RFAs"). The parties have gone through several rounds of those discussions, without reaching agreement. These discussions were interrupted by the issues concerning attorney representation, but have been resumed in the last week, still without resolution.

At the January 22, 2016 initial scheduling conference, the Court had directed the parties to meet and confer on the possibility of agreeing to RFAs, and if they couldn't agree, to jointly request the Court to set a briefing schedule on Plaintiff's motion to compel jurisdictional discovery.

Plaintiff asked that Defendants agree to a specific set of facts, embodied in a set of proposed RFAs, which, if agreed to, would obviate further jurisdictional discovery. Defendants' response, however, included material denials, thereby falling short of what Plaintiff requested. Therefore, Plaintiff believes it needs to complete jurisdictional discovery in order to develop an adequate record on which the court may rule on personal jurisdiction.

Plaintiff therefore requests leave at this time to make a motion to compel, and requests that the Court set a briefing schedule for this motion.

In the interest of completing jurisdictional discovery as soon as possible, Plaintiff respectfully requests that within 30 days of the Court's decision on Plaintiff's motion to compel, IML and Coolvision produce all documents, if any, provided for in the Court's decision. Plaintiff further respectfully requests that all depositions with

---

[1] The entirety of IML's production was also contained in Coolvision's production, so Plaintiff received 77 unique pages.



respect to jurisdictional discovery be completed within 60 days of the Court's decision on Plaintiff's motion to compel.

IML's and Coolvision's Position

Plaintiff's last set of nine revised proposed RFAs ("proposed RFAs") to IML and Coolvision, and the email forwarding them, are attached. (Exhibit 1)  The email states, "[i]f you can agree to these Requests for Admission, we would view that as sufficient to allow the presentation of the jurisdictional issues to the Court for its decision." (*Id*.)  Counsel for IML and Coolvision sent proposed responses to the proposed RFAs on February 22, 2016.  (Exhibit 2)[2]  The proposed responses provide the information sought by the proposed RFAs.  Accordingly, pursuant to plaintiff's January 14 email, there will be sufficient jurisdictional discovery to allow the Court to decide the pending motion to dismiss once formal RFAs and responses are made.

Counsel for the parties last conferred by telephone on February 22 and 23 to discuss the proposed responses and the report due to the Court today.  IML and Coolvision maintained that the parties are in position to finalize the RFAs and responses, thereby obviating the need for additional discovery pursuant to the plaintiff's January 14 email.  During those conferences, however, plaintiff's counsel raised two points which it insists necessitate additional discovery.  In so doing, plaintiff is abandoning its pledge that no additional discovery would be needed if it obtained responses to the proposed RFAs.

First, plaintiff insists that the proposed responses concerning "globalmailer.com" are inadequate.  Globalmailer.com is not a party to the action.  Notwithstanding, IML responded to the RFAs concerning globalmailer.com, including denial of the fact that IML has solely owned globalmailer.com during a specified period.  Plaintiff has expressed dissatisfaction with this response because the response is not what it wants it to be.  Plaintiff's dissatisfaction with the facts *as it framed them* does not create a need for additional discovery.

---

[2] The proposed responses could not be sent prior to February 22 due to the disqualification issue, now resolved, coupled with the fact that two of the three lawyers representing the defendants prior to the disqualification issue have left, or are about to leave, Kelley Drye & Warren LLP.



Second, plaintiff noted that the proposed responses are from IML and not from Coolvision. This issue is easily resolved. Counsel explained that Coolvision could not respond to some of the proposed RFAs which concern information not within its purview. Counsel for Coolvision confirmed that responses could and would be provided to those RFAs that concerned it.

With regard to the period of time that will be needed for additional discovery should it be ordered, IML and Coolvision propose a ninety (90) day period, with the condition that if discovery is completed early, the parties will report such fact to the Court. Given plaintiff's ever changing and expansive view of the type and amount of discovery needed, IML and Coolvision believe that motions practice will be required and the discovery period should take this into account. The period proposed by IML and Coolvision likely will not differ much in the end from plaintiff's proposed period of 60 days from the Court's decision on Plaintiff's Motion to Compel.

\* \* \* \* \*

The parties are available in person or by telephone to discuss this request with the Court.

Respectfully,

Ronald Abramson

cc: Counsel of Record (via ECF)