**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

NEW YORK, NY
LOS ANGELES, CA
WASHINGTON, DC
CHICAGO, IL
STAMFORD, CT

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

ONE JEFFERSON ROAD

PARSIPPANY, NEW JERSEY  07054

(973) 503-5900

FACSIMILE
(973) 503-5943
www.kelleydrye.com

DIRECT LINE: (973) 503-5943
EMAIL: minnes@kelleydrye.com

March 3, 2016

**VIA CM/ECF**

Hon. Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

        Re:    *WAG Acquisition, L.L.C. v. Sobonito Investments, Ltd., et al.,*
                Civil Action No. 2:14-cv-01661 (ES)(MAH)

Your Honor:

        This letter is submitted by both parties in advance of the upcoming telephone conference Monday, March 7, concerning jurisdictional discovery. In addition to the matters raised in the parties' previous letter dated February 24, 2016, we also seek the Court's assistance with respect to plaintiff's intent to serve third party subpoenas on the following entities: Techspace New York, Name.com, Inc., Whois Privacy Protection Service, Inc., Moniker Privacy Services, LLC, Moniker Online Services, LLC, American Registry for Internet Numbers, Ltd., Amazon.com, Inc., Amazon Web Services, Inc., and Equinix. Inc. The notice of intent to serve the subpoenas was served on defendants after the previous letter was submitted to the Court. The parties have met and conferred and have been unable to reach agreement.

**Defendants' Position:**

        As can be seen from the proposed Requests for Admission and responses submitted with the previous letter, the only open issue on jurisdictional discovery from plaintiff's perspective has to do with globalmailer.com, since plaintiff is unhappy with the facts as stated by defendants.[1]

---

[1] Defendants are prepared to admit the other points that plaintiff identified as needed for its jurisdictional arguments. It is Defendants' position that these facts are insufficient to support personal jurisdiction as a matter of law, but that argument will be made at the appropriate time.

**KELLEY DRYE & WARREN LLP**

Hon. Michael A. Hammer, U.S.M.J.
March 3, 2016
Page Two

      Plaintiff's proposed subpoenas are not tailored to determine the limited additional information that plaintiff desires to confirm the discovery it already has obtained about globalmailer.com. Instead, the proposed subpoenas are addressed to nine different entities and are extremely broad in scope, going far beyond the limited jurisdictional discovery ordered by Judge Salas or needed by plaintiff (D.E. 66 & 67). Indeed, given the breadth of these subpoenas and the number of non-parties identified, plaintiff's proposed discovery may go beyond even what would be permitted for merits discovery. *See* Charles Alan Wright et al., 8 *Federal Practice and Procedure* § 2008.3 (2010) ("[A] district court may properly refuse or limit jurisdictional discovery if … the proposed discovery seems unlikely to shed light on the jurisdictional question.").

      While the scope of the discovery demanded varies slightly depending on the company to be subpoenaed, these subpoenas identify not only globalmailer.com, but two other domains (all three called in the subpoena the "Accused Domains") [2]; all three named defendants and their unnamed corporate affiliates (called the "Accused Parties"), including the foreign defendant who has not yet been served; two IP Blocks (called the "Accused IP Blocks"); and eight DNS servers (called the "Accused DNS Servers"), including one with an address in the United Kingdom.

      The requests themselves, as well as sweeping in these numerous entities, are extremely broad and not at all tailored to the jurisdictional issues. For instance, they seek documents sufficient to show "all contact data, registrations, and/or renewals referring to or relating to the Accused IP Blocks …"; "All documents concerning contracts, agreements, hosting services, communications, notices, and/or the Accused DNS Servers … "All documents concerning contracts, agreements, hosting services, Domain Name System (DNS) services, communications, and/or notices, referring to or relating to one or more of the Accused Domains…". Attached as Exhibits 1-9 are copies of the subpoenas and the attached Schedules A.[3]

      For the foregoing reasons, Defendants respectfully request that plaintiff be precluded from serving the proposed nonparty subpoenas as they are beyond the scope of the limited jurisdictional discovery permitted by the Court.

---

during motion practice. In our view, the dispute between the parties with respect to jurisdiction is more one of law than of disputed fact.

[2] The "Accused Domains" are defined as imlive.com, globalmailer.com, and pussycash.com. IMLive.com is already covered by the proposed admitted RFAs, and pussycash.com is not named in the complaint.

[3] Each "Schedule A" describing the requested discovery is included. Each subpoena also included a copy of the protective order, which are not attached since they are not relevant to this dispute and would result in an attachment to this letter of well over 100 pages.

**KELLEY DRYE & WARREN LLP**

Hon. Michael A. Hammer, U.S.M.J.
March 3, 2016
Page Three

**Plaintiffs Position:**

Out of deference to the Defendants, to allow them to raise the present issues, Plaintiff has not yet served these subpoenas. However, unless the Court should rule to the contrary, Plaintiff would proceed with the subpoenas, and believes them to be entirely appropriate.

There are a number of incorrect assertions in Defendants' portion of this letter.

All three named Defendants have now been served in this case – IML, Coolvision, and, as of yesterday, Sobonito Investments Limited ("Sobonito"). Sobonito has apparently not yet informed counsel of this service.[4]

It is apparent that Defendants are seeking to hide their roles in operating, from abroad, a lucrative Internet "porn" service – accused herein of infringing Plaintiff's patents – from computers ("servers") physically located within the jurisdiction of this Court.

The web sites accused of infringement in this action are numerous – the actual list would go on for pages. For purposes of jurisdictional discovery, Plaintiff has selected the Defendant sites named "imlive.com," "globalmailer.com," and "pussycash.com" as exemplary. The electronic signals from each of these sites physically trace to an origin in New Jersey, literally within sight of the courthouse. Previously, but also during the term of the patents-in-suit, some of these services were also observed to emanate from New York and Virginia, which are equally relevant to the present jurisdictional issue.[5] Each of the web sites is alleged in the complaint to be involved in the infringement of Plaintiff's asserted patents – allegations which must be taken as true for purposes of determining jurisdiction. Indeed, the sufficiency of the allegations of patent infringement has already withstood a motion to dismiss in this case.

The principal question at this stage is exactly who is/are behind the sponsorship, financing, and operation of these accused infringing web sites, indisputably located within the Court's jurisdiction. Defendants do their utmost to hide this information. The information Plaintiff has collected to date[6] shows that the entire Defendant enterprise – including IML, Coolvision, Sobonito, and numerous other entities in Cyprus, Andorra, Israel, Switzerland, and elsewhere – is 97% owned, and completely controlled, by a single individual, named Muly

---

[4] Defendants' counsel, Kelley Drye & Warren LLP, represented Defendant Sobonito the last time it was sued in a U.S. Court. *Ventura Content, Ltd. v. UGC Internet Ventures Ltd, et al.*, No. 1:12-cv-02856 (N.D. Ga.).

[5] Since Defendants have not identified a jurisdiction more suitable for this case than this district, nationwide contacts are sufficient to establish jurisdiction. *See*, *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012).

[6] The pertinent information has come from Plaintiff's own investigation, as Defendants have produced almost nothing in response to jurisdictional document requests.

**KELLEY DRYE & WARREN LLP**

Hon. Michael A. Hammer, U.S.M.J.
March 3, 2016
Page Four

Litvak, who founded Defendant Coolvision and currently has a public profile in Israel as a prominent art collector.

Considerable information on the ownership and operation of web sites is normally obtainable through public records of domain name and Internet "IP address" registrations. However, Defendants have sought to hide or obfuscate this information by two mechanisms: (1) delegating functions through literally dozens of commonly owned and controlled foreign shell companies; and (2) contracting with proxy companies to hold domain name registrations through privacy nominees (*e.g.*, "Moniker Privacy Services, LLC"), shielding the identity of the true beneficial owners.

Plaintiff first sought information on these registrations by direct discovery requests to the Defendants, in response to which Plaintiff received 60 pages of objections and a refusal to produce documents.

Defendants then refused to join in a request to schedule a motion to compel, on the theory that jurisdictional discovery is over, simply because, to avoid such discovery, Defendants offered a stipulation satisfactory to *them*, which Plaintiff unequivocally rejected. Simply because Defendants are in denial over their rejected attempt to stipulate out of discovery does not mean they get their wish and that discovery can now be dispensed with. It is also not true that "the only open issue on jurisdictional discovery . . . has to do with globalmailer.com." Globalmailer.com is an issue, but a failed attempt at a stipulation does not wipe away anything from the scope of discovery. A completed "deal" would have resolved the issues, but that did not happen. A non-deal does not preclude anything.

Defendants deny their involvement with the site globalmailer.com. Plaintiff believes it will be able to prove otherwise. In addition, Defendants claim (see fn. 1 above) that they "are prepared to admit the other points that plaintiff identified as needed for its jurisdictional arguments." This is a mischaracterization of the facts. Defendants have not only denied Defendants' ownership of globalmailer.com, but have also denied Coolvision's involvement in its operation, which is contrary to facts already in Plaintiff's possession.

The third party subpoenas that Plaintiff intends to serve are directed to entities that register the domain names and Internet addresses for the accused web sites; the proxy services with which Defendants have contracted to conceal their involvement in these registrations, and facilities in New Jersey and New York that Defendants have used to host their U.S. operations. These are legitimate and narrowly targeted efforts to discover what the Defendants are doing to operate Internet facilities in the Court's jurisdiction accused of infringement herein.

Defendants contest the relevance of the site globalmailer.com. Globalmailer.com appears to be at the center of the accused infringement of at least two of the patents-in-suit. The infringing streams, which Defendants publish through imlive.com, actually come from sites called fly1.globalmailer.com and fly103.globalmailer.com (each "subdomains" of

**KELLEY DRYE & WARREN LLP**

Hon. Michael A. Hammer, U.S.M.J.
March 3, 2016
Page Five

globalmailer.com), traced to servers in New Jersey (fly1) and Virginia (fly103). While Defendants have gone to great lengths to conceal their involvement in the accused web sites, until about a week ago the public information for the IP addresses (network addresses) from which these sites operate designated Defendant Coolvision as a technical contact. This registration information was changed on February 21 of this year, to remove Coolvision. *Compare* Exhibits 10A and 10B annexed hereto, showing he recent change in "Point of Contact" information for the 66.6.16.0 IP Address block used by all of the accused web sites, including without limitation globalmailer.com. But Plaintiff captured the historical public record showing the involvement of Coolvision (Exhibit 10A). Defendant Sobonito is also repeatedly cited in both the domain name and the IP address registration documents for globalmailer.com. The original administrative and technical contact for globalmailer.com was an Israeli individual named Yoav Dror, whose current Google+ profile says he works for IML, from Cyprus. The designation of Dror was later changed to Coolvision, and as of few days ago, to Sobonito. Jurisdictional discovery can reasonably be expected to further fill in the true picture, assuming compliance by Defendants and third parties.

   Defendants incorrectly state (fn 2 above) that pussycash.com is not named in the complaint. *See* D.I. 26 ¶¶ 3, 15, 33 (Plaintiff's Second Amended Complaint, filed Sept. 2, 2014). It is unclear what Defendants were attempting with this argument, but the fact is that all three "Accused Domains" named in Plaintiff's subpoenas are in fact accused in the Complaint.

   Jurisdictional discovery was ordered six months ago. So far, Defendants have produced only two (2) heavily redacted documents of their choosing, and completely stonewalled on the remaining 19 document requests and 20 interrogatories. They refused to join in even an application to schedule a motion to address the sufficiency or insufficiency of these responses. Their current position is that Plaintiff is bound to accept, in lieu of discovery, a neutered statement of facts tailored by Defendants' counsel.

   Jurisdictional discovery has not been stayed. When Plaintiff proposed the present subpoenas, Defendants response was simply: "Further jurisdictional discovery in advance of the March 7 conference is improper." Now Defendants have changed their argument, claiming just today in this letter that the subpoenas go beyond jurisdictional discovery and into merits discovery.

   The domain name registrations, IP address information, Domain Name Server (DNS) information, and facility hosting information sought in the accompanying subpoenas are all directed at discovering what these Defendants are doing to operate the accused web sites situated in this Court's jurisdiction. Plaintiff submits that this is exactly the type of information that Plaintiff relied upon in opposing Defendants' jurisdictional motion to dismiss (*see* D.I 56 at 76-90). It is undoubtedly the type of information that Judge Salas had in mind in ordering jurisdictional discovery on September 10, 2015.

**KELLEY DRYE & WARREN LLP**

Hon. Michael A. Hammer, U.S.M.J.
March 3, 2016
Page Six

      In sum, Plaintiff respectfully submits that there is no basis to prevent Plaintiff from following through on the subject subpoenas.

                                      Respectfully submitted,

                                      */s/ Michael Innes*

                                      Michael A. Innes

MAI/cm

Enclosures

cc:     ALL COUNSEL OF RECORD (via CM/ECF)