## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————— :
                                                      :
**WAG ACQUISITION, L.L.C.,**                          :
                                                      :
    **Plaintiff,**                :  **Civil Action No. 14-1661 (ES) (MAH)**
                                                      :
   **v.**                              :
                                                      :
**SOBONITO INVESTMENTS, LTD.,**                       :    **ORDER**
**et al.,**                                           :
                                                      :
                                                      :
    **Defendants.**               :
———————————————————— :

   This matter having come before the Court on a joint letter from the parties submitted to the Court on May 23, 2016, D.E. 111, wherein the parties notified the Court that they could not agree on whether to permit WAG to conduct a deposition of Coolvision pursuant to Fed. R. Civ. P. 30(b)(6);

   and the Court ruled that Plaintiff could conduct the deposition of a Coolvision representative, but that the deposition would be limited to three hours, D.E. 112;

   and Coolvision having appealed this Court's decision to District Judge Esther Salas on June 7, 2016, D.E. 113;

   and Coolvision having requested a stay of this Court's May 24, 2016 Order, permitting the deposition, D.E. 118, which WAG opposed, D.E. 119;

   and the Court having granted the stay on January 4, 2017, D.E. 120;

   and on January 4, 2017, Judge Salas having terminated the appeal of this Court's decision permitting the deposition, finding that Coolvision raised new arguments and cited legal authority which had not been presented to the Undersigned, D.E. 121;

and the parties, in accordance with Judge Salas's January 4, 2017 Order, D.E. 121,

having submitted a joint letter to this Court on January 9, 2017 setting forth all arguments and

legal authority concerning the propriety of the deposition at issue, D.E. 122;

and WAG arguing that while it believes it has obtained discovery adequate to prove

jurisdiction over I.M.L. SLU ("IML"), it requires the 30(b)(6) deposition of Coolvision to clarify

the scope of Coolvision's responsibilities with respect to the imlive.com website;[1]

and WAG maintaining that the deposition is necessary "simply to tie down how the

observed Javascript file got onto the imlive.com server in New Jersey and Coolvision's

involvement therein – who controlled access, who did it, who authorized it,"  Joint Letter, Jan. 9,

2017, D.E. 122, at 12;

and Coolvision arguing that the Rule 30(b)(6) deposition should not be permitted for four

reasons;[2]

---

[1]  Specifically, WAG notified Coolvision that the topics for the 30(b)(6) deposition would be
limited to the following:

> (1) A description of the "operational and maintenance" services that
> Coolvision is responsible for under the Operating Agreement, who
> performs such services, under what arrangements, during the
> relevant period, and who controls administrative and  maintenance
> access to the specified web sites such as would permit programs
> and/or  files to be installed thereon, under what provisions and
> arrangements.
>
> (2) Any agreements that in any way modified or limited the scope of
> the duties assigned to Coolvision under the Operating Agreement.

Joint Letter, May 23, 2016, D.E. 111, at 3-4.  WAG also requested that Coolvision produce
documents, 10 days in advance of the deposition, sufficient to establish the substance of any
agreement referred to in the above-paragraph (2).  *Id.* at 4.

[2]  Coolvision makes the following arguments in support of its position that the deposition is
unwarranted:

and the Court having considered the arguments of the parties, all of the submissions on

the deposition issue made to both the Undersigned and Judge Salas, and the applicable law;

------------

1)   Coolvision argues that litigants should be protected from having to respond to unnecessary or unduly burdensome discovery requests under Fed. R. Civ. P. 26(b)(1), (c) and (g), and that this protection is heightened for foreign litigants. *See, e.g., Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S.D. Iowa*, 482 U.S. 522, 546 (1987) ("When it is necessary to seek evidence abroad, however, the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses. . . . Objections to 'abusive' discovery that foreign litigants advance should therefore receive the most careful consideration…..); *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 301 (3d Cir. 2004); *In re Mesa Power Group, LLC*, 2012 WL 6060941, *8 (D. N.J., Nov. 20, 2012).  Joint Letter, Jan. 9, 2017, D.E. 122, at 6-7;

2)   Coolvision next contends that WAG does not need the deposition because discovery is complete as to IML and should be as to Coolvision.  It maintains that it already has produced the relevant Operating Agreement and other agreements related to its limited business dealing with IML.  Coolvision argues that WAG has admitted that it does not need the deposition but seeks to take the deposition because it speculates that Coolvision might raise a new fact in a future motion on personal jurisdiction.  *Id.* at 7-8.

3)   Coolvision maintains that the deposition does not concern matters relevant to whether the Court has personal jurisdiction over Coolvision, and thus the deposition is both irrelevant and unduly burdensome.  For example, Coolvision argues that:

> [T]he deposition seeks a list of names of the persons who perform the Coolvision services, under what "arrangements" (presumably employment verses contractor arrangements), and who controls administrative and maintenance access to the specified web sites. WAG does not explain how discovery of which Coolvision employees (all of whom live and work in Israel) conduct Coolvision's work under the Operating Agreement is relevant to the question of whether this Court has personal jurisdiction over Coolvision.

*Id.* at 8-9.

4)   Coolvision argues that should some aspect of the deposition become relevant to the issue of jurisdiction, there are less burdensome means to obtain the discovery than a deposition.  For example, Coolvision maintains that a properly constructed interrogatory could provide WAG with a list of names, employment arrangements, and job responsibilities.  A deposition is not necessary to obtain such a list.  *Id.* at 9-10.

and the Court finding that, despite Coolvision's argument to the contrary, jurisdictional

discovery of foreign litigants, including depositions, is routinely ordered by this Court;[3]

and the Court finding that the other cases cited by Coolvision are inapposite to the issue

before the Court because either they do not address depositions of foreign entities, concern the

discovery of psychological records, or merely state the general proposition that discovery should

neither be unnecessary nor unduly burdensome;[4]

and the Court noting that the permissible scope of discovery under Rule 26(b) provides

that

> [p]arties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to
> the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its
> likely benefit.

Fed. R. Civ. P. 26(b)(1);

and the Court further noting that it must limit discovery otherwise permitted by the rules

if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from

---

[3]  *See, e.g., Schindler Elev. Corp. v. Otis Elev. Co*., 657 F. Supp.2d 525 (D.N.J. 2009) (finding that it was appropriate for a party to notice the deposition of a Swiss corporate defendant in accordance with the Federal Rules); *Freescale Semiconductor, Inc. v. Amtran Tech*, 2013 U.S. Dist. Lexis 187336 (W.D. Tex. 2013) (ordering discovery for jurisdictional purposes of Taiwanese entity, including "not more than five depositions"); and  *Emerson Elec. Co. v. Suzhou Cleva. Elec*., 2014 WL 2986685 (E.D. Mo. 2014) (finding that the deposition of a Hong Kong entity was within the scope of jurisdictional discovery, and therefore, witness should have been produced).

[4]  *See, e.g., In re Mesa Power Group, LLC*, 2012 WL 6060941 (D.N.J., Nov. 20, 2012) (did not involve discovery requests to a foreign entity); *Carver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000) (discovery sought of psychological records); and *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S.D. Iowa*, 482 U.S. 522, 546 (1987) (finding that courts should be vigilant in ensuing that foreign litigants are not subjected to discovery requests that are unduly burdensome or unnecessary).

4

some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party

seeking discovery has had ample opportunity to obtain the information by discovery in the

action;" Fed. R. Civ. P. 26(b)(2)(C)(i), (ii);

and the Court finding that while Coolvision argues that all discovery relating to

Coolvision should be complete because "it has produced the relevant Operating Agreement and

other agreements concerning the challenged website," Coolvision also argues that it has "limited

business dealings with IML," and "that its role has been limited to no more than performing 'all

operational and maintenance aspects for imlive.com pursuant to the Operating Agreement.'"

Joint Letter, Jan. 9, 2017, D.E. 122, at 7-8;

and the Court further finding that the deposition may provide relevant discovery

concerning Coolvision's precise role with IML;

and the Court further finding that Coolvision has failed to demonstrate how permitting

the deposition would be unnecessary or unduly burdensome especially given that there appear to

be unresolved questions concerning how the allegedly infringing Javascript file landed on

imlive.com;

and the Court recognizing the logistics involved in requiring a three-hour deposition in

Israel;

and the Court finding that it must balance WAG's need for the information against

Coolvision's legitimate concern that the logistics of the deposition are unduly burdensome and

disproportionate to the narrow scope of the subjects to be addressed at the deposition;

and the Court further finding that the taking of Coolvision's Rule 30(b)(6) deposition by

written question in accordance with Rule 31(a)(4) would best balance affording WAG an

opportunity to obtain the relevant discovery, with ensuring that the discovery process is no more burdensome or costly than necessary;

and the Court further finding that no party has demonstrated to the Court why the taking of Coolvision's deposition by written question in the first instance would be insufficient;

and the Court finding that WAG should be permitted to take the 30(b)(6) deposition of Coolvision by written question pursuant to Rule 31(a)(4) to clarify the scope of Coolvision's involvement with imlive.com;

and for good cause shown,

**IT IS ON THIS** 21st day of November 2017,

**ORDERED** that WAG's request to permit it to take a Rule 30(b)(6) deposition of Coolvision is **granted in part**; and it is further

**ORDERED** that WAG will be permitted to take the Rule 30(b)(6) deposition of Coolvision by written question in accordance with Rule 31(a)(4); and it is further

**ORDERED** that WAG shall serve a copy of the questions under Rule 31(b) on counsel for Coolvision on or before **December 14, 2017**, and Coolvision shall respond to those questions pursuant to Rule 31 on or before **January 14, 2018**.


*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**